**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-4330**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DANIELA MARIE GIANCOLI,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:23-cr-00007-TSK-MJA-2)

---

Submitted:  February 19, 2026              Decided:  February 23, 2026

---

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Robert L. Sirianni, BROWNSTONE, P.A., Winter Park, Florida, for Appellant.  Matthew L. Harvey, United States Attorney, Stephen Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniela Marie Giancoli pled guilty, pursuant to a written plea agreement, to conspiracy to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The district court varied below Giancoli's advisory Sentencing Guidelines range and imposed a sentence of 150 months' imprisonment.  On appeal, Giancoli argues that the court procedurally erred in imposing her sentence by miscalculating her Guidelines range and by considering third-party conduct.  She further contends that her plea counsel rendered ineffective assistance by inadequately advising her concerning the significance of the appeal waiver contained in her plea agreement.  Finally, Giancoli asserts that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose certain impeachment evidence before sentencing.  The Government has moved to dismiss the appeal as barred by Giancoli's appeal waiver.  We dismiss the appeal in part and affirm the district court's judgment in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (citation modified).  "An appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224 (citation modified).  To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of [her] plea agreement and its terms." *Id.* "When a district court questions a defendant during a [Fed. R. Crim. P.] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of [her]

2

concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).

Our review of the record confirms that Giancoli knowingly and voluntarily waived her right to appeal her conviction and sentence.[*] Because her sentencing challenges fall squarely within the scope of the valid appeal waiver, we grant the Government's motion to dismiss and dismiss the appeal as to these claims.

The appeal waiver does not preclude our review of Giancoli's ineffective assistance of counsel and prosecutorial misconduct claims. However, claims of ineffective assistance of counsel are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). "Otherwise, the proper avenue for such claims is in a 28 U.S.C. § 2255 motion filed with the district court." *Id.* Because it does not conclusively appear on the record before us that counsel rendered ineffective assistance, we decline to consider Giancoli's ineffective assistance claim on direct appeal.

Finally, Giancoli asserts that "at sentencing, a law enforcement officer testified for the first time that there had been a stakeout and subsequent traffic stop in Maryland related to [the] case." She contends that this constitutes a *Brady* violation because "the withheld information . . . could have been used to impeach the thoroughness and reliability of the

---

[*] Contrary to Giancoli's assertion in her opposition to the Government's motion to dismiss, her sentencing challenges do not fall within the "narrow class of claims" for which we will decline to enforce an otherwise valid waiver. *See United States v. Smith*, 134 F.4th 248, 261 (4th Cir. 2025).

3

government's investigation," and may have resulted in a lower sentence. Because Giancoli did not raise this claim in the district court, we review it for plain error. *See United States v. Catone*, 769 F.3d 866, 871 (4th Cir. 2014). "To establish plain error, [Giancoli] must show (1) that the court erred, (2) that the error is clear and obvious, and (3) that the error affected [her] substantial rights, meaning that it affected the outcome of the district court proceedings." *Id.* (citation modified).

As the Government correctly asserts, Giancoli fails to identify any factual support for her claim. *See United States v. Taylor*, 942 F.3d 205, 225 (4th Cir. 2019) (explaining that "proponent must show that the undisclosed evidence was (1) favorable to [her] either because it is exculpatory, or because it is impeaching; (2) material to the defense, i.e., prejudice must have ensued; and (3) that the prosecution had materials and failed to disclose them"). She therefore has failed to establish any plain error based on her *Brady* claim.

Accordingly, we grant the Government's motion to dismiss and dismiss the appeal as to Giancoli's sentencing claims. We otherwise affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4